**IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| GLOBAL COMMUNICATIONS GROUP, INC., ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Case No. 1:26-cv-02617 |
| ) | **COMPLAINT** |
| CYBERMAXX, LLC, ) | **JURY TRIAL DEMANDED** |
| ) | |
| *Defendant.* ) | |
| ) | |

Plaintiff Global Communications Group, Inc. brings this Complaint against Defendant CyberMaxx, LLC, and alleges the following:

**PARTIES**

1. Plaintiff Global Communications Group, Inc. ("GCG") is a corporation organized under the laws of the State of New York. GCG's principal place of business is located at 140 E. 45th Street, 11th Floor, New York, New York 10017.

2. Defendant CyberMaxx, LLC ("Defendant") is a limited liability company organized under the laws of the state of Tennessee, with its principal place of business located at 901 Elkridge Landing Road, Suite 400, Linthicum Heights, Maryland 21090. Upon information and belief, no member of Defendant is a citizen of the State of New York.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because it is an action between citizens of different states and the amount of controversy exceeds $75,000, exclusive of interest and costs.

1

4.      This Court also has personal jurisdiction over Defendant because:  (a) its principal place of business is in Maryland; (b) Defendant entered a contract with GCG whose performance was to occur in this State and District, and GCG's claims arise from that contract; (c) Defendant is authorized to do business and in fact does business in this State and District, and GCG's claims arise out of or relate to Defendant's business activities within this State; and (d) Defendant consented to the jurisdiction of this Court.  Defendant has sufficient minimum contacts with this state and District, and/or otherwise intentionally availed itself of the protections of Maryland law through its business operations in this State and District and its consent to the jurisdiction of the Maryland courts for resolving this dispute.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the Defendant's principal place of business is in this District, a substantial part of the events or omissions giving rise to GCG's claim occurred in this District, and/or the Defendant is subject to personal jurisdiction in this State and District.

**FACTS**

6.      On or about September 10, 2025, Defendant and GCG entered into an Agency Agreement (the "Agreement"), by which GCG was to act as Defendant's non-exclusive agent in marketing the Defendant's services to third parties.  *See* Agreement, §§ 1.2, 2.1.  A true and correct copy of the Agreement is attached hereto as **Exhibit 1** and incorporated herein by reference.

7.      In consideration for GCG's marketing of the Defendant's services, Defendant agreed to compensate GCG through commission payments that equaled 15% of the gross revenue (as defined in the Agreement) collected by Defendant.  *See* Agreement, § 3.1 & Ex. A.  The Agreement required the Defendant to pay GCG commissions within forty-five days after Defendant collected funds from third-party customer.  *Id.*, § 3.3.

8.    Pursuant to the express terms of the Agreement, Defendant was not permitted to terminate the Agreement for convenience during the two-year term of the Agreement that began on September 10, 2025—*i.e.*, termination for convenience was strictly prohibited until September 11, 2027.  *See* Agreement, §§ 5, 6.1.

9.    Either GCG or the Defendant could terminate the Agreement for convenience "at any time *after*" the two-year term of the Agreement, provided that the terminating party provide the other sixty-days notice.  *See* Agreement § 6.1 (emphasis added).

10.    The Agreement also permitted the Defendant or GCG to terminate the Agreement for cause at any time.  *See* Agreement, § 6.2.

11.    For several months, GCG performed its obligations under the terms of the Agreement.  As a result, the Defendant made four commission payments to GCG, as follows: $12,992.43 on November 6, 2025 and December 4, 2025; $13,005.18 on January 9, 2026; and, $13,965.17 on February 13, 2026 (the "Commission Payments").

12.    Before entering the Agreement, GCG's expectations were that the commissions would be in the range of $13,000-$15,000 per month and increase over the two-year term of the Agreement.

13.    However, on January 29, 2026, the Defendant purported to terminate the Agreement for convenience with sixty-days notice.  A true and correct copy of the Defendant's January 29 termination letter is attached hereto as **Exhibit 2**.

14.    On April 30, 2026, GCG informed the Defendant in writing that it materially breached the Agreement by terminating the contract for convenience before it was permitted to do so (not before September 10, 2027).  GCG also demanded payment from the Defendant based on

3

his interest in the commissions that he expected during the two-year term of the Agreement. Defendant refused to make any additional payments to GCG, requiring GCG to file this lawsuit.

## CLAIM FOR RELIEF
### Breach of Contract

15.    GCG incorporates paragraphs 1-14 of this complaint as if fully set forth herein.

16.    GCG and the Defendant mutually agreed to enter into the Agreement on September 10, 2025 for a two-year term that expired on September 10, 2027.

17.    GCG complied with all of its obligations in the Agreement, and Defendant has acknowledged this orally and in writing.

18.    The Defendant materially breached the Agreement by terminating the contract for convenience before it was permitted to do so.

19.    As a proximate result of the Defendant's material breach, GCG has been damaged in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff GCG demands that it has judgment as follows:

1.    Against the Defendant on Count 1;

2.    Against the Defendant for all damages proximately caused by its breach of the Agreement;

3.    Against the Defendant for all costs of court;

4.    Against the Defendant for all reasonable attorney's fees and costs that GCG has incurred to enforce its rights under the Agreement, including, but not limited to, the filing of this Complaint and prosecuting this action through trial and appeal;

5.    Against the Defendant for pre- and post-judgment interest; and,

6.     Against the Defendant for all other and further relief, both at law and in equity, to which GCG may show itself justly entitled.

**DEMAND FOR JURY TRIAL**

Plaintiff GCG demands a jury trial on all issues so triable.

Dated: June 30, 2026                    Respectfully submitted,

*/s/ Ugo Colella*
Ugo Colella (Bar No. 17443)
**COLELLA ZEFUTIE LLC**
1300 I Street, N.W.
Suite 400E
Washington, D.C. 20005
Phone: (202) 920-0880
Fax:     (202) 920-0894
Email:  ucolella@czlaw.com

*Counsel for Plaintiff*
*Global Communications Group, Inc.*